UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMARI J. MOODY,<br>Plaintiff,<br>-against-<br>SUWANEE EAR, NOSE & THROAT, P.C, et al.,<br>Defendants. | 26-CV-1484 (LTS)<br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Amari Moody, who resides in Dacula, Gwinnett County, Georgia, brings this *pro se* action against Defendants, who are health care providers also located in Gwinnett County, Georgia. Plaintiff asserts claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), alleging that Defendants discriminated against him based on his disability with respect to medical care provided to Plaintiff in Georgia. By order dated July 13, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reason set forth below.

## DISCUSSION

### A. Venue

Venue for Plaintiff's claims under the ADA and RA is governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

If a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "When considering whether a transfer would serve the interest of justice, [the court] must weigh 'the equities of dismissing a claim when it could be transferred.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)). The decision "whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). Further, it is not in the interest of justice to transfer a case where Plaintiff has disregarded the proper forum for the action. *See, e.g.*, *Morel v. Aids Ctr. of Queens Cnty., Inc.*, No. 23-CV-6018 (DLC), 2023 WL 8452402, at *2 (S.D.N.Y. Dec. 6, 2023) ("If 'allowing a transfer' would 'reward [a] plaintiff[ ] for [its] lack of diligence in choosing a proper forum,' transfer is 'not in the interest of justice.'" (quoting *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992))).

Here, Plaintiff alleges no facts demonstrating that venue in this District is proper for his claims under Section 1391(b). He does not allege that any defendant resides in this District, that any events or omissions giving rise to any claim occurred in this District, that there is no other district in which this action may be brought, or that any Defendant is subject to personal jurisdiction in this District with respect to this action.

Plaintiff alleges that Defendants engaged in inaccurate medical documentation, which later materially impaired his access to care, and that Defendants should have known that the records would be relied upon by New York-based providers. (ECF 1 at 2.) These allegations are insufficient to allege that a "substantial part of the events or omissions giving rise to the claim" occurred in this district. *See, e.g.*, *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) ("[F]or venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere."); *P.C. v. Driscoll*, No. 24-CV-2496 (LJL), 2025 WL 104522, at *6 (S.D.N.Y. Jan. 15, 2025) ("[T]he substantiality inquiry . . . should focus on the relevant activities of the defendant, not the plaintiff." (citation omitted)). When the defendant's acts or omissions within the forum do not bear a close nexus to the claims, the "substantiality necessary to support venue" is lacking. *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 433 (2d Cir. 2005). Plaintiff brings this action against Defendants residing in Georgia arising from events or omissions that occurred in Georgia. His allegations that medical personnel in New York later relied on documents created by Defendants in Georgia are insufficient to support venue under Section 1391(b)(2) in the Southern District of New York. Moreover, as described below, Plaintiff was already on notice that actions improperly filed in this District would be dismissed without prejudice rather than transferred.

Plaintiff has already filed four actions in this Court with no basis for venue in this District, which this Court has transferred to the United States District Court for the Northern District of Georgia. *See Moody v. Weimer*, No. 26-CV-0128 (LTS) (S.D.N.Y. Jan. 20, 2026) (transferring claims against employees of the United States District Court for the Northern District of Georgia); *Moody v. Boudewyns*, No. 26-CV-0222 (LTS) (S.D.N.Y. Jan. 13, 2026)

(transferring action brought against employees of Gwinnett County Superior Court arising from events occurring in Gwinnett County); *Moody v. Nelnet, Inc.*, No. 26-CV-0012 (LTS) (S.D.N.Y. Jan. 9, 2026) (transferring action against defendant not alleged to reside in this District and arising from claims not alleged to have occurred in this District); *Moody v. Kijakazi*, No. 26-CV-0109 (LTS) (S.D.N.Y. Jan. 8, 2026) (transferring mandamus claims); *see also Moody v. Broadview Fed. Credit Union*, No. 26-CV-0282 (LTS) (S.D.N.Y. Feb. 3, 2026) (transferring, under 28 U.S.C. § 1404, claims against defendant located in Albany to the Northern District of New York).

By order dated January 20, 2026, in *Weimer*, the Court recounted Plaintiff's history of filing actions in this Court for which venue was improper and warned him that, if he continued to file actions in this court for which venue is improper, the Court, in the interest of justice, would decline to transfer the action to a proper venue and would instead dismiss the action without prejudice. ECF 1:26-CV-0128, 7. Plaintiff failed to heed the Court's warning, and the Court thereafter dismissed actions that Plaintiff filed in this court for which venue was improper. *See Moody v. Northside Hosp., Inc.*, No. 1:26-CV-1483, 12 (S.D.N.Y. Apr. 27, 2026); *Moody v. Northeast Georgia ENT, P.C.*, ECF 1:26-CV-1481, 9 (S.D.N.Y. Apr. 8, 2026); *Moody v. Emory Healthcare, Inc.*, ECF 1:26-CV-1478, 9 (S.D.N.Y. Apr. 8, 2026).

Plaintiff was on notice when he filed this action of the standards for venue and that the Court would not continue to transfer actions filed in this district in disregard of the venue standards. The Court therefore declines to transfer this action. The Court dismisses this action for improper venue, 28 U.S.C. § 1406(a), without prejudice to Plaintiff refiling it in a forum in which venue is proper.

**B. Pending Motions**

Plaintiff has filed multiple motions, including applications titled "Consolidated Notice of Ca2 Docketing Defects, Deprivation of Appellate Access, and Motion to Compel Transmission Confirmation," "Motion to Compel Administrative, Procedural, and Structural Compliance," "Renewed Emergency Motion for Preservation and Injunctive Relief," with a declaration in support, and "Consolidated Supervisory Notice of Mandatory Obligation Failures." (ECF 7-11.)

Plaintiff seeks, among other things, recusal of the undersigned. A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The showing of personal bias must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). Judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of a recusal motion filed by a plaintiff where the judge had ruled against him on all of his previous motions).

In addition, "[i]f an adverse ruling is not cause for recusal, . . . it follows logically that the court's failure to rule on [an] . . . issue as quickly as Plaintiff may have liked is also not a basis for recusal." *Sanders v. WB Kirby Hill, LLC*, No. 16-CV-4596, 2019 WL 2393798, at *4 (E.D.N.Y. June 6, 2019). Plaintiff's motion for recusal relies largely on adverse rulings in Plaintiff's other pending matters and on delay and does not show that recusal is warranted. Plaintiff's motion seeking recusal of the undersigned is therefore denied.

Because the Court has dismissed this action without prejudice, the Court denies Plaintiff's remaining motions as moot.

## CONCLUSION

The Court dismisses this action without prejudice for improper venue, having found that transfer to a proper venue would not be in the interest of justice. *See* 28 U.S.C. § 1406.

The Court denies Plaintiff's motion for recusal and denies Plaintiff's remaining motions as moot. The Clerk of Court is directed to terminate all pending motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: July 13, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge